**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIM MERAM and MAYSOON MERAM,

Plaintiffs - Appellants,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE and DOES, 1 through
100, inclusive,

Defendants - Appellees.

No. 14-55202

D.C. No. 3:12-cv-02612-H-WMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted February 8, 2016
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

Jim Meram and Maysoon Meram appeal the district court's granting of a

motion to dismiss, which held that the court lacked subject matter jurisdiction on

the basis of the discretionary function exception to the Federal Tort Claims Act, 28

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 2680(a).  We review de novo the district court's grant of a motion to dismiss for lack of subject matter jurisdiction under the discretionary function exception.  We affirm.

The Merams contend that the United States Department of Agriculture, Forest Service ("Forest Service") violated its mandatory duty to locate a sign "in advance of the junction such that trail junctions are evident," and that Joseph Meram would not have taken the unmarked, user-made trail if there had been a sign in advance of the junction of the trails.  However, the mandatory duty imposed on the Forest Service by its Sign and Poster Guidelines is disjunctive—"[s]igns shall be located *either* at the junction *or* in advance of the junction such that trail junctions are evident."  EM 7100-15, § 5.3 (emphasis added).  The Forest Service fulfilled its mandatory duty by placing a sign at the junction.

In omitting to mark or decommission the user-created path on which Meram turned, the Forest Service exercised a discretionary function within the meaning of 28 U.S.C. § 2680(a), and the district court lacked subject matter jurisdiction over the Merams' claims.

**AFFIRMED.**